USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/19.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MANUEL GARCIA BRACAMONTE,              :
                Petitioner,   :   18 Civ. 166 (HBP)
  -against-                           :   OPINION
                                         AND ORDER
BARBARA VON BLANCKENSEE,               :
                Respondent.    :
------------------------------------X

       PITMAN, United States Magistrate Judge:

I. Introduction

       By a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, petitioner seeks an Order directing respondent to apply a credit of approximately three and one-half months against his sentence. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition is denied.

II. Facts

       On or about November 20, 1986, the Sheriff's Office for Los Angeles, California arrested petitioner for violating the conditions of his parole (Declaration of Bryan Erickson, dated Mar. 19, 2018 (Docket Item ("D.I.") 21) ("Erickson Decl.") ¶ 4). Petitioner's state parole was revoked on March 11, 1983, and a sentence of six-months imprisonment was imposed (Erickson Decl. ¶

4). As a result of subsequently filed additional charges, the California Department of Corrections Parole Board conducted a rehearing (Erickson Decl. ¶ 4). The Parole Board then imposed a 12-month sentence, to run from the date of petitioner's November 20, 1986 arrest (Erickson Decl. ¶ 4).

While petitioner was in state custody on the parole violation charges, the United States District Court for the Central District of California issued a writ of habeas corpus ad prosequendum directing that petitioner be brought into federal custody to be sentenced on charges of bank robbery, use of a firearm in connection with a crime of violence and related charges (Erickson Decl. ¶ 5 and Ex. C thereto). On June 22, 1987, petitioner was sentenced by the Honorable William D. Keller, United States District Judge, to an aggregate sentence of 25 years imprisonment and five years probation on the bank robbery and related charges (Erickson Decl. ¶ 5 and Ex. C thereto). Petitioner was returned to state custody on July 2, 1987, and after completing his state sentence for violating the conditions of his parole, he was transferred back to federal custody on November 19, 1987 to commence serving the 25-year sentence imposed by Judge Keller (Erickson Decl. ¶ 5).

Petitioner escaped from federal custody on or about April 22, 1989 and was re-arrested on or about May 22, 1989 (Erickson Decl. Ex. D). While he was a fugitive, petitioner

2

committed another bank robbery; petitioner pleaded guilty to charges arising out of this second robbery and was sentenced on November 14, 1989 to an additional 20-year sentence to run consecutively to the sentence previously imposed by Judge Keller (Erickson Decl. ¶ 6 and Ex. E thereto).

Petitioner remains in custody pursuant to the sentence imposed for the second bank robbery in 1989.

Petitioner claims that the United States Bureau of Prisons ("BOP") erred by failing to apply a credit against petitioner's sentence for the period between March 20, 1987 and July 2, 1987 when he was in federal custody pursuant to a writ of habeas corpus ad prosequendum.

Petitioner has never utilized the BOP's administrative grievance procedure to assert his claim (Erickson Decl. ¶ 10).

III. Analysis

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001), citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n. 5 (2d Cir.1991); accord Smith v. Federal Bureau of Prisons, 11 Civ. 8825 (RJS)(FM), 2013 WL

2252967 at *3 (S.D.N.Y. May 23, 2013) (Sullivan, D.J., adopting the Report & Recommendation of Maas, M.J.); see also Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir.2003) ("Under § 2241, a prisoner may challenge the . . . calculations by the [BOP] of the credit to be given for other periods of detention." (citations and internal quotation marks omitted)). Where, as here, consecutive sentences have been imposed on the petitioner, a federal court has subject matter jurisdiction to hear a challenge to the execution of any of the sentences, even expired ones, so long as petitioner remains in custody on any one of the sentences imposed upon him. Garlotte v. Fordice, 511 U.S. 39 (1995); accord United States v. Gordils, 117 F.3d 99, 103 (2d Cir. 1997).

Respondent first claims that the petition should be denied because petitioner has failed to exhaust his administrative remedies. Respondent is correct; a prisoner must exhaust available administrative remedies before seeking relief pursuant to Section 2241. Carmona v. United States Bureau of Prisons, supra, 243 F.3d at 634; Guida v. Nelson, 603 F.2d 261, 262 (2d Cir. 1979); Washington v. United States, 05-cr-558 (NG), 2016 WL 11448326 at *1 (E.D.N.Y. Dec. 23, 2016) (Gershon, D.J.) Smith v. Federal Bureau of Prisons, supra, 2013 WL 2252967 at *3; Caminero v. Bureau of Prisons, 06-CV-03254 (JBW), 2007 WL 1695158 at * 1 (E.D.N.Y. June 12, 2007) (Weinstein, D.J.); United States v.

Wusebio, 04 Cr. 607 (LAP), 2007 WL 582745 at *2 (S.D.N.Y. Feb. 21, 2007) (Preska, D.J.).

As explained by the Supreme Court in Sester v. United States, 566 U.S. 231, 244 (2012):

> [A federal prisoner] is free to urge the Bureau [or Prisons] to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241.

A court may excuse a petitioner's failure to comply with the exhaustion requirement "if (1) available remedies provide no genuine opportunity for adequate relief, (2) irreparable injury may occur without immediate judicial relief, (3) administrative appeal would be futile, [or] (4) in certain instances, a plaintiff had raised a substantial constitutional question." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003). Petitioner does not claim that any of these exceptions are applicable here, and, based on my review of the petition, it does not appear that any are applicable.

Because petitioner has not exhausted his available administrative remedies, his petition is denied.

Alternatively, even if petitioner had exhausted his administrative remedies, his petition would have to be denied because it lacks merit.

5

Title 18, United States Code, Section 3585 provides:

§ 3585. Calculation of a term of imprisonment

**(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

>  **(1)** as a result of the offense for which the sentence was imposed; or

>  **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence. Under the plain language of the statute, petitioner is not entitled to credit against his federal sentence for the period from March 20 through July 2, 1987 because that time was credited against his state sentence. United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir. 2001) ("The Bureau of Prisons could not credit Fermin for the time he had already served because it was credited against another sentence -- the state parole violation . . . .")

It is well settled that a federal inmate who was serving a state sentence when he was brought into federal custody pursuant to a writ of habeas corpus ad prosequendum is not entitled to credit against his federal sentence for the time

6

spent in federal custody pursuant to the writ if that time is credited against his state sentence. As explained in United States v. Smith, 812 F. Supp. 368, 370 (E.D.N.Y. 1993): "A federal sentence does not begin to run . . . when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Accord Phillips v. Hufford, 13 Civ. 998 (ALC), 2014 WL 3871195 at *2 (S.D.N.Y. Aug. 6, 2014 (A. Carter, D.J.); United States v. Sanchez-Abreu, 09 Cr. 657 (RMB), 2011 WL 1453814 at *2 (S.D.N.Y. Apr. 14, 2011) (Berman, D.J.); Simmons v. Federal, Prison Employees, of the Federal Bureau of Prisons, 639 F. Supp. 2d 402, 405 (S.D.N.Y. 2009) (Marrero, D.J.); Mitchell v. Killian, 08 Civ. 2373 (LAP)(DF), 2009 WL 7451705 at *3 (S.D.N.Y. Apr. 13, 2009) (Report & Recommendation) (Freeman, M.J.), adopted in pertinent part, 2011 WL 710612 (S.D.N.Y. Feb. 25, 2011) (Preska, D.J.); United States v. Ravello, CR-02-1327 (CPS), 2008 WL 2097395 at *3 (E.D.N.Y. May 19, 2008); United States v. Wusebio, supra, 2007 WL 582745 at *2; Rosario v. United States, 02 Civ. 3360 (HB), 2004 WL 439386 at *5 (S.D.N.Y. Mar. 9, 2004) (Baer, D.J.); see also United States v. Fermin, supra, 252 F.3d 102, 108 n.10 ("[A] defendant held at a federal detention facility is not 'in cus-

tody' for the purposes of § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum."). Thus, because petitioner received credit against his state sentence for the time he spent in federal custody from March 20 through July 2, 1987, he is not entitled to credit against his federal sentence for this period.

IV. Conclusion

Accordingly, for all the foregoing reasons, petitioner's application for a writ of habeas corpus is denied in all respects. The Clerk of Court is respectfully requested to mark this matter closed.

Dated: New York, New York
March 26, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Mr. Manuel Garcia Bracamonte
Reg. No. 85824-012
FCI Otisville
Federal Correctional Institution
P.O. Box 1000
Otisville, New York 10963

Copy transmitted to:

Counsel for Respondent

8